UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANE DOE #1, *et al.*, | Case No.: 3:25-cv-00317 |
| *Plaintiffs*, | **Brief in Support of Plaintiffs' Motion for a Protective Order** |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, | |
| *Defendants.* | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Plaintiffs Jane Doe #1, John Doe #2, and John Doe #3 submit this brief in support of their Motion for Leave to Proceed Under Pseudonyms and Motion for a Protective Order. Plaintiffs are three University of Wisconsin-Madison students. Each Plaintiff abruptly learned that their student status was terminated in Defendants' computerized tracking system, the Student and Exchange Visitor Information System ("SEVIS"). They have now each had their F-1 Student Visas revoked as well. Plaintiffs fear enforcement from the Department of Homeland Security by way of arrest, detention, and removal. They are under immense stress, which is affecting each of their daily lives, and they are concerned about sensitive, personal information being disclosed to the public. Accordingly, they seek have previously sought leave to proceed under pseudonyms (ECF No. 10), and Plaintiffs now move the Court for a protective order so they can share their identities with the government while limiting the means in which Defendants can use information about their identities. *See* Fed. R. Civ. P. 26(c).

## I. Factual Background

As discussed in their pseudonym motion (ECF No. 10), Plaintiffs share similar fears of ICE enforcement, the impact Defendants' actions will have on their future studies and careers, and the great mental stress and anxiety they are under. These same facts compel the need for a protective order.

In their attached declarations, Plaintiffs discuss their fear that ICE will arrest, detain and deport them, and two plaintiffs have not left their homes because of this fear. *See* Ex. 1, John Doe #2 Declaration, at ¶ 11 (stating he hasn't left his apartment in days out of fear of "interacting with law enforcement, . . ." specifically stating, "I am worried I will be detained and deported by ICE if I do so."); Ex. 2, John Doe #3 Declaration, at ¶ 16 ("I am constantly worried and anxious that I too will be detained or forced to leave the country. I avoid going outside.").

In addition, each Plaintiff details the mental anguish and stress they are under due to their SEVIS status termination. Doe #1, a Ph.D. student, describes the experience as "constant turmoil," which has caused her to lose sleep, have tension headaches, and suffer from itchy hives. *See* Doe #1 Decl. ¶ 11. For Doe #2, the ordeal has exacerbated his anxiety, causing him to only leave his apartment for groceries. *See* Doe #2 Decl. ¶ 11. Doe #3, a Ph.D. student, is feeling "stressed," "worried," and "anxious." Doe #3 Decl. ¶ 11 ("I've been struggling to sleep, eat, and feel stressed when I see other students getting detained.").

Plaintiffs have already experienced anxiety and mental distress due to their fear of exposure, and revealing their names to the government without the safeguards of a protective order will only exacerbate those anxieties.

## II. Plaintiffs' Reasonable Fear of Retaliation by the Government Supports Entry of a Protective Order and Order Prohibiting Defendants' Detention of Plaintiffs

Plaintiffs recognize the need to provide the government with information about their identity to permit the government to litigate the case; however, due to the very real risk of retaliation

by the government, Plaintiffs are unable to do so without any protection. Plaintiffs ask that the Court enter a protective order under Fed. R. Civ. P. 26(c) governing the use of any information Plaintiffs disclose to the government, as well as an order enjoining Defendants from detaining or removing Plaintiffs while the lawsuit is pending. Good cause exists to enter a protective order in this case. *See Doe v. Noem, et al.*, No. 2:25-CV-01103-DAD-AC, 2025 WL 1134977, at *2 (E.D. Cal. Apr. 17, 2025) (finding good cause to grant protective order in SEVIS case).

This request for a protective order limiting the sharing information about Plaintiffs' identity or related personal information and restricting its use for any purpose outside of this action is reasonable and routine. Courts have previously entered protective orders governing information about plaintiffs' identity or litigation materials. *See, e.g.*, *ACLU of Nevada v. Masto*, No. 08-cv-00822-JCM-PAL, 2008 WL 3874263, at *6 (Aug. 18, 2008) (permitting Doe plaintiffs to proceed under pseudonym, requiring counsel for plaintiffs to disclose the identities of plaintiffs to defendants' counsel, and entering a temporary protective order precluding defendants from disclosing the identities or using the information for any purpose outside the litigation); *Enters. Int'l, Inc. v. Pasaban*, No. 3:11-CV-05919, 2012 WL 5269375, at *2 (W.D. Wash. Oct. 24, 2012) (granting protective order restricting disclosure and use of information).

Plaintiffs' request for an order prohibiting detention during the pendency of this action, or until further notice of the Court, is likewise reasonable under the circumstances. Detention following the filing of this suit would not only chill Plaintiffs' willingness to go forward with litigation (in addition to dramatically impacting Plaintiffs' practical ability to proceed in this case), but it would undoubtedly dissuade numerous other international students from vindicating their rights. Indeed, several federal courts have recently enjoined the detention of international students who are Plaintiffs in SEVIS lawsuits. *See, e.g.*, *Ajugwe v. Noem, et al.*, No. 8:25-CV-982, 2025 WL 1148689, at *4 (M.D. Fla. Apr. 18, 2025) ("Defendants are prohibited from arresting, detaining, or

transferring Plaintiff out of this Court's jurisdiction."); *Ariwoola, v. Noem, et al.,* No. 3:25-CV-03313, 2025 WL 1148491, at *1 (D.S.C. Apr. 18, 2025) (enjoining ICE arrest and detention).

Granting Plaintiffs' requested relief will not prejudice Defendants. First, Plaintiffs' counsel intends to provide Defendants' counsel with information about Plaintiffs' identity as soon as a protective order can be entered. Second, the case will ultimately have little to do with the details of Plaintiffs' individual situations. The lawsuit challenges the legality of Defendants' new policy of SEVIS terminations based on minor criminal history or interactions with law enforcement, and Defendants' failure to follow the regulations at 8 C.F.R. § 214.1(d)–(g). Compl., ECF No. 1, ¶¶ 69-72.

Further, Defendants will not be prejudiced by a protective order restraining detention and removal. Detaining Plaintiffs would serve no legitimate purpose, and the government has made no indication that it independently wants to take Plaintiffs into custody. Indeed, the government would have no reason to take Plaintiffs into custody. Plaintiffs are three college students and a graduate who pose no flight risk or danger. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (finding immigration detention must further twin goals of (1) ensuring noncitizen's appearance during removal proceedings and (2) preventing danger to the community). Accordingly, Plaintiffs ask the Court to grant Plaintiffs' motion for a protective order and enter the attached protective order.

### III.  Conclusion

Plaintiffs are in a vulnerable position as they currently lack lawful status and in the context of a widely publicized practice of ICE terminated international students' status. The risk of retaliation and harassment cause by revealing their identities is not outweighed by Defendants' interests. In light of this, Plaintiffs respectfully request a protective order so they can share their identities with Defendants.

Dated: April 24, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Katherine Melloy Goettel*
　　　　　　　　　　　　　　　　　　KATHERINE MELLOY GOETTEL
　　　　　　　　　　　　　　　　　　University of Iowa College of Law
　　　　　　　　　　　　　　　　　　Clinical Law Programs
　　　　　　　　　　　　　　　　　　380 Boyd Law Building
　　　　　　　　　　　　　　　　　　Iowa City, IA 52242-1113
　　　　　　　　　　　　　　　　　　Telephone: (319) 335-9023
　　　　　　　　　　　　　　　　　　Email: kate-goettel@uiowa.edu

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*