IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JANE DOE #1,
JOHN DOE #2,
JOHN DOE #3,

|  |  |
|---|---|
| Plaintiffs, | ORDER |
| v. | 25-cv-317-wmc |

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security; the U.S.
DEPARTMENT OF HOMELAND SECURITY; and
TODD LYONS, in his official capacity as Acting
Director of U.S. Immigration and Customs
Enforcement,

Defendants.

Plaintiffs Jane Doe #1, John Doe #2, and John Doe #3 have filed a complaint for
declaratory relief against Kristi Noem, in her official capacity as Secretary of Homeland
Security, the Department of Homeland Security ("DHS"), and Todd Lyons, in his official
capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), claiming
that DHS and ICE unlawfully terminated records of their F-1 international student visa status
in the Student and Exchange Visitor System ("SEVIS"). (Dkt. #1.) Plaintiffs have filed a
motion for leave to proceed under pseudonyms under Federal Rule of Civil Procedure 10(a).
(Dkt. #5.) To facilitate providing plaintiffs' identities to defendants' counsel for purposes of
litigating this case, plaintiffs have filed a motion for a protective order under Federal Rule of
Civil Procedure 26(c). (Dkt. #6.) Plaintiffs' counsel has conferred with counsel for defendants,
who oppose both motions.

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must
name all the parties[.]" Judicial proceedings are supposed to be open and public. Doe v. City

of Chicago, 360 F.3d 667, 669 (7th Cir. 2004). Nevertheless, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Id.*

Here, all three plaintiffs report suffering from extreme anxiety due to the emotional toll of their studies and employment being halted due to the termination of their SEVIS records, as well as the prospect of being arrested, detained, and deported by defendants. (Dkt. ##7-9.) Each plaintiff has expressed fear of leaving their residences. (*Id.*) Moreover, plaintiffs have expressed a desire to proceed under pseudonyms for fear of reprisal in the form of arrest, detention, and removal, as well as the possibility of "blacklisting" by DHS or ICE that would jeopardize future visa applications. (*Id.*)

The plaintiffs also present evidence that, following the termination of their SEVIS records, there is no "grace period to depart the U.S." (Pl. Ex. 2 (dkt. #3-5) at 2; Pl. Ex. 5 (dkt. #3-8) at 3; Pl. Ex. 8 (dkt. #3-11) at 2.) At least two of the plaintiffs have been warned, moreover, that they face severe consequences in the form of imminent arrest and detention, with the possibility of being deported to a country other than their country of origin. (Pl. Ex. 3 (dkt. #3-6) at 2; Pl. Ex. 9 (dkt. #3-12) at 2.) The risk of arrest is more than speculative. *E.g., Ozturk v. Trump*, No. 25-cv-10695-DJC, 2025 WL 1009445, at *1 (D. Mass. Apr. 4, 2025) ("[W]ithout prior notice of the revocation of her student visa or the grounds asserted for same, Ozturk, a graduate student in Child Study and Human Development at Tufts University, was approached and surrounded by six officers (several wearing masks and/or hoods), stripped of her cellphone and backpack, handcuffed, and taken into custody in an unmarked vehicle."). Thus, the plaintiffs' evidence is sufficient to show that the threatened harm is severe, plaintiffs'

fears are reasonable, and that plaintiffs are vulnerable to retaliation. *Student Doe v. Noem et al.*, 2025 WL 11340977, at *2 (E.D. Cal. Apr. 17, 2025). Because defendants' counsel will have access to plaintiffs' identities and be permitted to share that information as necessary for purposes of this litigation, the court identifies no prejudice to defendants, and the public's interest in knowing plaintiffs' identities is minimal. *Id.* (citation omitted).

Accordingly, plaintiffs' motion to proceed under pseudonym with respect to the public will be granted. The motion for a protective order, as proposed by plaintiffs (dkt. #10-1), also will be granted in part.

## ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to proceed using pseudonyms (dkt. #5) is GRANTED.

2) Plaintiffs' motion for a protective order (dkt. #10) is GRANTED IN PART as follows: (a) any materials filed with the court that contain plaintiffs' name or identifying information must be redacted or filed under seal; (b) defendants' counsel may not share any information about plaintiffs' identity beyond what is reasonably necessary for the litigation and to comply with this court's orders; and (c) defendants' counsel are prohibited from disclosing the identity of plaintiffs for purposes of detention or removal during the pendency of this litigation or until further order of the court.

Entered this 25th day of April, 2025.

BY THE COURT:

WILLIAM M. CONLEY
District Judge